19694

Mildred Elizabeth SMITH, Appellant, v. STATE of South Carolina, Respondent.

(199 S. E. (2d) 302)

*John Beaseley, Esq.,* of Greenwood, *for Appellant.*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair* and *Robert M. Ariail, Asst. Attys. Gen.,* of Columbia, *for Respondent.*

September 19, 1973.

*Per Curiam:*

This appeal is from an order of the lower court denying appellant's petition for postconviction relief.

Appellant, represented by retained counsel, was convicted by a jury at the September 1971 term of the Court of General Sessions for Greenwood County on two separate charges of receiving stolen goods; and received consecutive sentences of three (3) years on each charge, making a total sentence of six (6) years. She now, represented by appointed counsel, seeks relief from her conviction and sentence upon the grounds that (1) her trial attorney failed to prosecute an appeal to the Supreme Court from her conviction, although she was led to believe that he was doing so; (2) the court was without jurisdiction of the offense of which she was convicted; and (3) the trial judge made references at the time of sentencing to the fact that he had previously sentenced her husband, which indicated prejudice on his part.

Appellant was tried under indictments which charged her with (1) larceny and (2) receiving stolen goods in Greenwood County. She was arrested in Greenville County where the stolen goods were found in her home. Her contention in the lower court was that, "due to the fact that

the goods were found in Greenville County only Greenville County has jurisdiction of the charge of receiving stolen goods." The question of jurisdiction was raised in the original trial and resolved against appellant as an issue of fact for the jury's determination. Brief of appellant's counsel concedes that the trial transcript places appellant in Greenwood County at the time of the offense and that the trial judge properly submitted the issue to the jury. Additionally, the record shows that late in the trial the Solicitor offered to withdraw the charge of receiving stolen goods, but over the objection of appellant's trial counsel and at his insistence, the charge was not withdrawn. The result was that the jury found appellant guilty of the charge which the Solictor had offered to withdraw and was prevented from doing by the objections of her retained counsel. There is no merit in the contention that Greenwood County lacked jurisdiction of the offense of which appellant was convicted.

According to appellant, the trial judge had previously sentenced her husband for murder and, at the time of sentencing, made the statement that her husband was a "cold blooded murderer." She now alleges this as a basis for her claim that the trial judge was prejudiced and, presumably, that such affected him in the imposition of the sentence. The record is devoid of any showing of prejudice on the part of the court. As pointed out in the order under appeal, the consecutive sentences of three (3) years each were within statutory and constitutional bounds, and there is no showing that they resulted to any degree from prejudice on the part of the court.

The remaining question concerns appellant's contention that her retained counsel failed to prosecute an appeal from her conviction. There is no charge that any act, or failure to act, on the part of the State deprived her of any right of appeal. The only showing is that her retained trial counsel, after filing a timely notice of appeal, failed to perfect the appeal because he was not paid the re-

quired fee. While it now appears that her retained counsel did not discuss or advise her of her right to appeal, the State had no notice of such facts. In fact, in view of the filing of a notice of appeal by her retained counsel, the State had a right to assume that appellant was not indigent and was fully aware of her right to appeal, which she intended to prosecute. The lower court properly concluded that there was no State action in connection with the appeal which deprived appellant of any constitutional right.

The record before us fails to disclose whether the notice of appeal, filed in appellant's behalf, has been dismissed, nor whether any application has ever been made to be permitted to file a late appeal.

Appellant's present counsel has advised the Court that he is convinced that the appeal in this matter is wholly frivolous and has requested leave to withdraw. He has attempted to comply with the requirements of *Anders v. State of California*, 386 U. S. 738, 87 S. Ct. 1396, 18 L. Ed. (2d) 493, including the service of his brief upon appellant, to which appellant has filed a responsive statement.

After a careful examination of the entire record, we are convinced that the appeal is manifestly without merit and wholly frivolous. The request of counsel to withdraw is accordingly granted, and the appeal is dismissed.